FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 03, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL LAZCANO,<br><br>          Petitioner,<br><br>  v.<br><br>JAMES KEY,<br><br>          Respondent. | NO:  2:18-CV-351-RMP<br><br>ORDER RESOLVING PETITIONER'S MOTIONS AND PETITION FOR HABEAS CORPUS |

Petitioner Daniel Lazcano is a state prisoner proceeding pro se with a Second Amended Petition, ECF No. 33, for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the Court are motions from Petitioner for the following relief: (1) Motion for Leave to Conduct Discovery and Production of Documents Pursuant to Rule 6 Governing 28 U.S.C. § 2254, ECF No. 43; (2) Motion for Expansion of Record, ECF No. 46; (3) Motion for Appointment of Counsel, ECF No. 48; (4) Motion for Extension of Time for Filing Response Brief, ECF No. 51; (5) Motion for Expansion of Record to Include Attachments/Exhibits to Petitioner's Reply Brief, ECF No. 59; and (6) Motion for Evidentiary Hearing, ECF No. 62.  All

ORDER RESOLVING PETITIONER'S MOTIONS AND PETITION FOR HABEAS CORPUS ~ 1

1    motions are fully briefed, and the Court has reviewed the parties' filings, the

2    administrative record, the remaining record, the relevant law, and is fully informed.

3                                     **BACKGROUND**

4          On January 31, 2014, a jury convicted Lazcano of first degree murder while

5    armed with a firearm and unlawful disposal of human remains, and the state trial

6    court sentenced Lazcano to 324 months confinement on the first degree murder

7    count and three months, running concurrently, on the disposal of human remains

8    count.  ECF No. 38-1 at 7, 10.  The Washington State Court of Appeals recited at

9    length the underlying facts of the first-degree murder in the unpublished opinion

10   resolving Lazcano's direct appeal, and the Court presumes as true the factual

11   findings of the underlying Washington State Court of Appeals in the absence of

12   clear and convincing evidence to the contrary.  28 U.S.C. § 2254(e)(1).

13         As the Washington Court of Appeals recounted in its second opinion,

14   resolving Lazcano's Personal Restraint Petition:

15         A jury convicted Daniel Christopher Lazcano of first degree murder. In
           a 71-page unpublished opinion, this Court affirmed Mr. Lazcano's
16         conviction. State v. Lazcano, No. 32228-9-III (Wash. Ct. App. Mar. 16,
           2017)(unpublished), [web address omitted]. Having been denied relief
17         from his conviction on direct review, Mr. Lazcano now presents this
           timely personal restraint petition. In his petition, Mr. Lazcano recasts
18         arguments previously raised and decided in his direct appeal under a
           new heading of ineffective assistance of counsel. For this reason, we
19         deny Mr. Lazcano's personal restraint petition as without merit.
           . . .
20
21         The facts surrounding Mr. Lazcano's conviction are adequately
           recounted in this Court's first opinion. See Lazcano, slip op. [ECF No.

ORDER RESOLVING PETITIONER'S MOTIONS AND PETITION FOR
HABEAS CORPUS ~ 2

10-3 at 336–406]. Accordingly, we will not recount them further except as necessary for disposition of this personal restraint petition.

Mr. Lazcano's first two trials in this matter resulted in hung juries. Following the second mistrial, Mr. Lazcano and the State reached a plea agreement, under which Mr. Lazcano would plead guilty to a reduced charge of second degree manslaughter. This would have resulted in a sentence far below that for first degree murder.

After considering a variety of factors, including proportionality, prosecution standards, and the facts presented during the first two trials over which he had presided, the trial judge rejected the plea agreement and amended information. The judge later granted a motion for change of venue and disqualified himself from further proceedings on the basis that the very candid reasons he put on the record for denying the plea agreement presented a potential appearance of fairness issue. The case then proceeded to trial in a different county before a different judge.

ECF No. 38-1 at 144–45.

In the direct appeal referenced above, Lazcano's appellate counsel argued error on eight bases: (1) and (2) failure by the State to prove all of the necessary elements of the felony-murder alternative to first degree murder, or premeditation; (3) failure by the trial court to accept the plea agreement, in violation of state criminal rules; (4) and (5) improper vouching by the prosecutor in the examination of witnesses when he elicited evidence from the State's witnesses that those witnesses promised to testify truthfully in exchange for immunity or favorable plea agreements; (6) erroneous dismissal of a potential juror based on the juror's economic status and over objection of Lazcano; and (7) erroneous determination by the trial court that Lazcano is a "felony firearm offender"; and (8) cumulative error that deprived Lazcano of his due process right to a fair and impartial trial.  ECF Nos.

ORDER RESOLVING PETITIONER'S MOTIONS AND PETITION FOR HABEAS CORPUS ~ 3

10-3 at 55; 38-1 at 18.  In addition, Lazcano submitted a pro se statement of additional grounds for review by the Washington Court of Appeals in his direct appeal.  *See* ECF No. 38-1 at 19.  Those additional grounds included, among other arguments, several allegations of prosecutorial misconduct and alleged improper rejection of the plea agreement by the trial court, in violation of Lazcano's due process rights.  *Id.* at 74–88.

The Washington Supreme Court denied discretionary review of Lazcano's appeal, and the Washington Court of Appeals issued its mandate on November 27, 2017.  ECF No. 10-3 at 519, 521.

Lazcano subsequently pursued a Personal Restraint Petition with the Washington Court of Appeals in which post-conviction counsel raised two grounds for relief: that defense counsel provided ineffective assistance of counsel at trial by failing to move to disqualify the original trial judge on bias and fairness grounds immediately after he rejected the plea agreement, and that the trial judge erred by rejecting the plea agreement when he should have recused himself from the case.  ECF No. 38-1 at 2.  The Washington Court of Appeals denied the Personal Restraint Petition, finding that the ineffective assistance claim was merely a recast version of his claim on direct appeal that the original trial judge should have recused himself before rejecting the plea agreement.  *Id.* at 147.  The Washington Court of Appeals further held that counsel's performance was not deficient because the plea agreement was not in the interests of justice, and there was no prejudice because there is no

ORDER RESOLVING PETITIONER'S MOTIONS AND PETITION FOR HABEAS CORPUS ~ 4

likelihood that a different judge would have accepted the "obviously flawed" plea agreement. *Id.*  The Washington Supreme Court denied discretionary review of the denial of Lazcano's Personal Restraint Petition, and the Court of Appeals issued its mandate on July 23, 2020.  ECF No. 38-1 at 178–80, 201.

After the Personal Restraint Petition was resolved, Lazcano filed a Second Amended Petition for Habeas Corpus, with leave of this Court, and that second petition is the operative pleading in this matter.  ECF Nos. 32 and 33.  Once Respondent James Key filed an answer to the supplemental state record and Lazcano's Second Amended Petition, Lazcano sought and received a 90-day extension of time, until June 16, 2021, to respond to the answer.  ECF Nos. 40 and 42.  Petitioner filed a reply to Respondent's Answer on July 1, 2021.  ECF No. 58.  Consequently, the Second Amended Petition for Habeas Corpus is fully briefed.  However, Lazcano also has filed six motions pertaining to this Court's review of the Second Amended Petition.

## DISCUSSION

### *Appointment of Counsel*

Petitioner seeks appointment of counsel in pursuing habeas relief.  ECF No. 48.

There is no constitutional right to representation by counsel in a civil case.  *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981).  Nevertheless, the Ninth Circuit has held that counsel must be appointed when a habeas case is so

ORDER RESOLVING PETITIONER'S MOTIONS AND PETITION FOR HABEAS CORPUS ~ 5

complex that due process violations will occur absent the presence of counsel, *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (per curiam), or when an evidentiary hearing is required, Rule 8(c), Rules Governing § 2254 Cases.  Counsel may be appointed at any stage of the proceedings if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).  Under section 3006A, the Court must consider the likelihood of success on the merits, the complexity of the legal issues involved, and the petitioner's ability to articulate his claims pro se.  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

Petitioner argues that appointment of counsel is warranted to pursue the fifth ground for habeas relief that trial counsel deficiently advised Petitioner with respect to a plea agreement that the state trial court rejected, and Petitioner has limited access to the law library due to COVID-19 protocols.  ECF No. 48 at 1–4.  Petitioner asserts that he specifically requires assistance seeking expansion of the record and an evidentiary hearing.  *Id.* at 4–5.  Respondent contends that Petitioner has navigated the habeas process pro se by filing his original two-claim habeas petition in 2018, obtaining a lengthy stay of the federal proceedings to return to state court, and filing a five-claim Second Amended Habeas Petition.  ECF No. 52 at 2–3.  Respondent further asserts that, if the Court determines that an evidentiary hearing is required, Petitioner may seek appointment of counsel at that time.  *Id.*

The complexity of the legal issues at stake in this matter is not out of the ordinary, and Petitioner has demonstrated his capacity to convey his requests for

ORDER RESOLVING PETITIONER'S MOTIONS AND PETITION FOR HABEAS CORPUS ~ 6

relief clearly enough for the Court to ascertain the relevant legal standards and apply

them to the parties' arguments.  Accordingly, the Court finds that exceptional

circumstances are not present to warrant the appointment of counsel to represent

Petitioner at this stage in the litigation and denies Petitioner's Motion for

Appointment of Counsel, ECF No. 48.

### *Expansion of Record, Evidentiary Hearing, and Discovery*

Petitioner has filed two Motions to Expand the Record, ECF Nos. 46 and 59, a

Motion for Discovery, ECF No. 43, and a Motion for an Evidentiary Hearing, ECF

No. 62.  All of these motions pertain to his fifth ground for habeas relief, alleging

ineffective assistance regarding the rejected plea agreement.  Petitioner and

Respondent agree that this ground was not adjudicated on the merits in state court.

*See* ECF Nos. 33 at 13; 63 at 4.

Petitioner seeks to expand the record to include Exhibits 1 through 5 attached

to Petitioner's reply. ECF No. 58, to Respondent's Answer to the Second Amended

Habeas Petition.  The Court notes that Respondent acknowledges that Exhibit 2, trial

defense counsel's sentencing memorandum, is rightfully part of the state court

record.  *See* ECF Nos. 58 at 40; 60 at 2.  Petitioner also seeks to conduct an

evidentiary hearing to support this Court's consideration of the fifth ground for

relief.  ECF No. 62.

Unlike the ordinary civil litigant, a habeas petitioner is not entitled to

discovery as a matter of course.  *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997).

ORDER RESOLVING PETITIONER'S MOTIONS AND PETITION FOR
HABEAS CORPUS ~ 7

1   Rather, "[a] judge may, for good cause, authorize a party to conduct discovery under

2   the Federal Rules of Civil Procedure and may limit the extent of discovery . . . ."

3   Rules Governing § 2254 Cases, Rule 6(a).  The Supreme Court held in *Cullen v.*

4   *Pinholster*, 563 U.S. 170, 180 (2011), that the review of state court decisions under §

5   2254(d)(1) "is limited to the record that was before the state court that adjudicated

6   the claim on the merits."  The Ninth Circuit has counseled district courts that

7   *Pinholster* bars any further factual development on a habeas claim, whether in the

8   context of a motion for discovery, expansion of the record, or evidentiary hearing,

9   unless the court first determines that the state court made an unreasonable

10  application of federal law or made an unreasonable determination of facts on the

11  record before it.  *Runningeagle v. Ryan*, 686 F.3d 758, 773–74 (9th Cir. 2012); *see*

12  *also Pinholster*, 563 U.S. at 202 n. 20.

13          However, review by a federal habeas court is not necessarily restricted to the

14  state record for claims that have not been adjudicated on the merits.  *See Gentry v.*

15  *Sinclair*, 693 F.3d 867, 879 (9th Cir. 2012).  "'If the applicant has failed to develop

16  the factual basis of a claim in State court proceedings,' [28 U.S.C] §2254(e)(2)

17  states, then the habeas court 'shall not hold an evidentiary hearing on the claim'

18  unless it finds two conditions met."  *Thompson v. Lumpkin*, 141 S. Ct. 977, 977

19  (2021) (J. Kagan, concurring) (quoting 28 U.S.C. §2254(e)(2)).  "First, the claim

20  must rely on either 'a new rule of constitutional law' or 'a factual predicate that

21  could not have previously been discovered through the exercise of due diligence.'"

ORDER RESOLVING PETITIONER'S MOTIONS AND PETITION FOR
HABEAS CORPUS ~ 8

1   *Id.* "Second, the facts underlying the claim must be 'sufficient to establish by clear

2   and convincing evidence that but for constitutional error, no reasonable factfinder

3   would have found the applicant guilty of the underlying offense.'" *Id.*

4   Petitioner does not attempt to satisfy his burden under 28 U.S.C. § 2254(d) of

5   showing that the state court made an unreasonable application of federal law or

6   made an unreasonable determination of facts on the record before it. *See*

7   *Runningeagle*, 686 F.3d at 773–74. Rather, as Petitioner seeks to expand the record

8   for a claim for which he did not develop the factual basis in state court proceedings,

9   the Court proceeds to consider whether Petitioner has offered a factual predicate that

10  could not have been discovered previously through the exercise of due diligence, or

11  whether the facts underlying his fifth ground for habeas relief show clearly and

12  convincingly that "but for constitutional error, no reasonable factfinder would have

13  found the applicant guilty of the underlying offense." *See* 28 U.S.C. §2254(e)(2).

14  ### *Remaining Motion*

15  Petitioner's remaining Motion for Extension of Time to File a Response Brief,

16  ECF No. 51, is moot because Petitioner filed his reply to Respondent's Answer on

17  July 1, 2021. *See* ECF No. 58.

18  ### *Habeas Petition*

19  The Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. 104-

20  132, 110 Stat. 1214, governs federal habeas petitions filed after April 24, 1996. *See*

21  *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003). A federal court reviewing a

ORDER RESOLVING PETITIONER'S MOTIONS AND PETITION FOR
HABEAS CORPUS ~ 9

petitioner's challenge to the legality of their confinement pursuant to a state court judgment may only review whether the confinement violates "the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *see also Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).  Under AEDPA, a district court looks to the final ruling of the highest state court and presumes the state court's factual findings are correct. *Miller-El*, 537 U.S. at 340.  The petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

Furthermore, the scope of this Court's review is limited to deciding whether Petitioner's sentence was entered in violation of the federal constitution or laws.  28 U.S.C. § 2254(a).  A federal court may not grant relief on any claim that was adjudicated on the merits in a state court proceeding unless the adjudication resulted in either (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established Supreme Court precedent "if it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases or if it confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at

ORDER RESOLVING PETITIONER'S MOTIONS AND PETITION FOR HABEAS CORPUS ~ 10

a [different] result." *Price v. Vincent*, 538 U.S. 634, 640 (2003) (citation and internal quotation marks omitted).

A state court decision "involve[s] an unreasonable application" of clearly established Supreme Court precedent if "it correctly identifies the governing legal rule" but then applies that rule to the facts of a particular case in an "objectively unreasonable" way, such that the state court's ruling rested on "an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Woodall*, 572 U.S. 415, 420, 426–27 (2014).

A state court decision is "based on an unreasonable determination of the facts" if the federal court is "convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record." *Murray v. Schriro*, 745 F.3d 984, 999 (9th Cir. 2014) (internal citation omitted).

Finally, even if a habeas petitioner satisfies one of the section 2254(d) prongs for relief, he must show that the claimed trial error "resulted in actual prejudice." *Davis v. Ayala*, 135 S. Ct. 2187, 2197 (2015) (citation and internal quotation marks omitted). "Under this test, relief is proper only if the federal court has grave doubt about whether a trial error of federal law had substantial and injurious effect or influence in determining the jury's verdict." *Id*. at 2197–98 (citation and internal quotation marks omitted).

/ / /

ORDER RESOLVING PETITIONER'S MOTIONS AND PETITION FOR HABEAS CORPUS ~ 11

1

### *Exhaustion*

2       Respondent asserts that Petitioner has exhausted state remedies for his first

3   four grounds of habeas relief but argues that Petitioner has not exhausted the fifth

4   ground, claiming ineffective assistance for failure to adequately advise Petitioner

5   with respect to the plea agreement.  ECF No. 37 at 13.  Respondent further asserts

6   that the fifth ground is now procedurally barred.  *Id.*

7       Generally, a federal court may not grant a petition for writ of habeas corpus

8   unless a petitioner has exhausted available state remedies.  28 U.S.C. § 2254(b).  To

9   exhaust state remedies, a petitioner "fairly and fully presents a claim to the state

10  court for purposes of satisfying the exhaustion requirement if he presents the claim:

11  (1) to the proper forum . . . (2) through the proper vehicle, . . . and (3) by providing

12  the proper factual and legal basis for the claim."  *Insyxiengmay v. Morgan*, 403 F.3d

13  657, 668 (9th Cir. 2005) (internal citations omitted).

14      Nonetheless, the Court may review the merits of an argument in the interest of

15  judicial economy.  *See Lambrix v. Singletary*, 520 U.S. 518, 524–25 (1997)

16  (explaining that the court may bypass the procedural default issue in the interest of

17  judicial economy when the merits are clear but the procedural default issues are not).

18  The Court considers the merits of the argument in the interest of judicial economy.

19

### *Alleged Prosecutorial Misconduct*

20      Petitioner alleges that the prosecutor committed multiple separate acts of

21  prosecutorial misconduct that cumulatively denied Petitioner his due process right to

ORDER RESOLVING PETITIONER'S MOTIONS AND PETITION FOR
HABEAS CORPUS ~ 12

1 a fair trial.  ECF No. 33 at 5.  Petitioner alleges that the prosecutor "solicited

2 testimony that prosecution witnesses, in their unsworn plea and/or immunity

3 agreements with the State[,] promised to testify truthfully; utilized the unsworn

4 statements in closing as fact; vouched for states witnesses and impugned the defense

5 theory by characterizing it as a fantasy." *Id.*

6   Federal habeas review of prosecutorial misconduct claims is limited to the

7 narrow issue of whether the alleged misconduct violated due process. *See*

8 *Thompson v. Borg*, 74 F.3d 1571, 1576 (9th Cir.), *cert. denied*, 519 U.S. 889 (1996).

9 Misconduct is reviewed in light of the entire trial record, and relief will be granted

10 only if the misconduct by itself so infected the trial with unfairness "as to make the

11 resulting conviction a denial of due process." *United States v. Ratigan*, 351 F.3d

12 957, 964 (9th Cir. 2003).  "A constitutional violation arising from prosecutorial

13 misconduct does not warrant habeas relief if the error is harmless." *Towery v.*

14 *Schriro*, 641 F.3d 300, 307 (9th Cir. 2010).

15   The Washington Court of Appeals rejected Petitioner's arguments regarding

16 improper vouching in Petitioner's direct appeal and found that the prosecution did

17 not commit misconduct by eliciting testimony about a witness's plea agreement

18 where defense counsel attacked the witness's credibility, and that there was not error

19 that could not have been cured by an instruction, had defense counsel objected. *See*

20 ECF No. 38-1 at 58–63.  Moreover, as Respondent sets forth in detail, defense

21 counsel also referred to several of the state witnesses' plea agreements in cross-

ORDER RESOLVING PETITIONER'S MOTIONS AND PETITION FOR
HABEAS CORPUS ~ 13

examination, and evidence corroborating the truthfulness of the relevant witnesses' statements permeates the trial record. *See* ECF No. 37 at 27–31. Therefore, the Court cannot find that any direct examination of witnesses or closing argument statements by the prosecution had any substantial or injurious effect on the jury's verdict in Petitioner's trial. *See Wood v. Ryan*, 693 F.3d 1104, 1113 (9th Cir. 2012). Accordingly, the Court does not find a basis for habeas relief based on prosecutorial misconduct.

### *Dismissal of a Seated Juror*

Petitioner alleges that during the voir dire, the trial court "noted the holiday season and that the up-to-three-week trial may be a significant hardship." ECF No. 33 at 7. "Later an empaneled juror sought dismissal due to economic hardship he would incur due to the length of trial around Christmas time. Trial counsel objected and sought higher compensation for juror's jury duty. Trial court dismissed the juror due to economic hardship." *Id.* (as written in original).

Under the Sixth Amendment of the U.S. Constitution, a criminal defendant has a right to be tried by a jury drawn from a representative cross-section of the community. *Taylor v. Louisiana*, 419 U.S. 522, 528 (1975). However, the Sixth Amendment does not prohibit excusing potential jurors due to financial hardship. *See Berghuis v. Smith*, 559 U.S. 314, 332 (2010) (upholding state court's denial of fair-cross-section claim when petitioner did no more than show that "excusing people who merely alleged hardship" from jury "might contribute to a group's

ORDER RESOLVING PETITIONER'S MOTIONS AND PETITION FOR HABEAS CORPUS ~ 14

underrepresentation"); *Carpenter v. Chappell*, No. C 00-3706 MMC, 2012 U.S. Dist. LEXIS 128516, at \*31-32 (N.D. Cal. Sep. 7, 2012) ("[T]here is no evidence showing dismissals for financial hardship disproportionately excluded any class of persons, nor is there any showing that the results of the trial would have been different if the jury's composition had been different.").

In merely alleging that the trial court erroneously excluded a potential juror because of his economic status, Petitioner has not shown that the Washington Court of Appeals unreasonably applied clearly established federal law when it denied Petitioner's fair-cross-section claim on direct appeal. *See* ECF No. 38-1 at 51–52. As the Washington Court of Appeals observed, the trial judge excused a single juror for undue hardship, which is well within a trial court's discretion. *See id.* (citing *Taylor v. Louisiana*, 419 U.S. 534 (1975)). Therefore, the Court finds no basis for habeas relief on this ground.

### *Judicial Bias*

As a third ground for habeas relief, Petitioner argues that the trial judge's failure to recuse himself before the plea-agreement hearing for actual prejudice, bias, and appearance of fairness violated Petitioner's right to due process. ECF No. 33 at 8.

To prevail on a claim of judicial bias, a habeas petitioner must demonstrate that he did not receive a trial "by an unbiased and impartial judge without a direct

personal interest in the outcome of the hearing."  *Ungar v. Sarafite*, 376 U.S. 575, 584 (1964).

In Petitioner's direct appeal, the Washington Court of Appeals found that there was no evidence in the record to support bias, prejudice, or personal animus by the trial judge before ruling on the proposed plea agreement, and the Court of Appeals declined to re-analyze the issue in resolving Petitioner's Personal Restraint Petition.  *See* ECF No. 38-1 at 146–47.  The Washington Court of Appeals conclusion is consistent with federal law, as Petitioner has not presented anything to support that the trial judge fell below any constitutional standard in presiding over the plea agreement hearing.  Therefore, the Court finds no basis for habeas relief on this ground.

### *Ineffective Assistance of Counsel*

As a fourth ground for habeas relief, Petitioner asserts that he received ineffective assistance when "trial counsel failed to move to vacate the recused judge's decision rejecting Petitioner's plea agreement after the same judge found that his comments required recusal."  ECF No. 33 at 10.  In addition, as a fifth ground for habeas relief, Petitioner alleges a factual basis for ineffective assistance of counsel that was not developed in the state court record: "Trial counsel advised Petitioner that on appeal he should get a chance to plea to the [27-month] plea agreement the trial court had previously rejected.  The advice resulted in Petitioner rejecting other plea offers and the original plea agreement was held to be obviously

ORDER RESOLVING PETITIONER'S MOTIONS AND PETITION FOR HABEAS CORPUS ~ 16

1  flawed." *Id.* at 12.  In his reply to Respondent's Answer to the Second Amended

2  Habeas Petition, Petitioner expands the factual basis for alleged ineffective

3  assistance to include that post-conviction counsel should have questioned Petitioner

4  regarding any advice that trial counsel gave Petitioner about plea agreements or

5  sentencing possibilities.  ECF No. 58 at 26–27.

6       To establish ineffective assistance of counsel, a petitioner must prove both

7  that his counsel was deficient and that the deficiency caused prejudice.  *See, e.g.,*

8  *Gentry v. Sinclair*, 693 F.3d 867, 881 (9th Cir. 2012).  To establish deficient

9  performance, Petitioner must show that counsel's performance "fell below an

10  objective standard of reasonableness" based on "the facts of the particular case [and]

11  viewed as of the time of counsel's conduct."  *Strickland v. Washington*, 466 U.S.

12  668, 690 (1984).  To demonstrate prejudice, Petitioner "must show that there is a

13  reasonable probability that, but for counsel's unprofessional errors, the result of the

14  proceeding would have been different."  *Id.* at 694.

15       With respect to Petitioner's fourth ground alleging ineffective assistance for

16  failure to move to vacate the recused judge's decision rejecting Petitioner's plea

17  agreement after the same judge found that his comments required recusal, the

18  Washington Court of Appeals determined that neither prong of *Strickland* was met:

19       Even if we were to review the issue, Mr. Lazcano's attorney's
20       performance was not deficient because, as we found in our earlier
        opinion, the plea agreement was not in the interests of justice. There is
        also no prejudice because it cannot be shown with any likelihood that a

21

different judge would have accepted this obviously flawed plea agreement.

ECF No. 38-1 at 147.

This conclusion by the Washington Court of Appeals was reasonable. Petitioner's trial counsel unsuccessfully sought to reinstate the plea agreement once the case was transferred to a different venue, and as Respondent emphasizes, the original trial judge "had no authority after he recused himself to vacate the [order rejecting the plea agreement].  Therefore, the only avenue available to defense counsel to get the plea agreement reinstated (other than appeal) was by seeking such relief before [the original trial judge's] successor, which is what counsel did."  ECF No. 37 at 63.  Petitioner does not show that the Washington Court of Appeals misapplied *Strickland* in finding that Petitioner had not demonstrated deficient performance or prejudice.  Therefore, Petitioner's fourth ground for habeas relief fails.

With respect to Petitioner's unexhausted fifth ground for relief, the Court considers Petitioner's merits arguments solely in furtherance of judicial economy and without engaging in the lengthy analysis of whether Petitioner has demonstrated that the ground qualifies for an exception to the exhaustion requirement. *See Lambrix*, 520 U.S. at 524–25.  To expand the record and obtain an evidentiary hearing on the fifth ground, as Petitioner requests, as well as to succeed on the merits of the fifth ground, Petitioner must establish that the factual predicate "could

1   not have previously been discovered through the exercise of due diligence" and that

2   the facts underlying the claim are sufficient to establish by clear and convincing

3   evidence that but for constitutional error, no reasonable factfinder would have found

4   the applicant guilty of the underlying offense. *See* 28 U.S.C. §2254(e)(2); *see*

5   *Strickland*, 466 U.S. at 690 (requiring that the alleged deficiency prejudiced the

6   outcome).

7        Petitioner alleges that his trial counsel was ineffective in his alleged advice

8   that Petitioner likely would succeed in appealing the original trial court's rejection of

9   the plea agreement. ECF No. 58 at 29–30. Petitioner alleges that he relied on such

10  advice in rejecting a later plea agreement from the State. *Id.*

11       Petitioner acknowledges that he was aware of the later plea offer, and he does

12  not allege that he would have accepted the State's later plea offer but for the legal

13  opinion of his counsel that Petitioner had a strong ground for appeal of the rejection

14  of the first plea agreement. *See United States v. Blaylock*, 20 F.3d 1458, 1465 (9th

15  Cir. 1994) (incompetent advice by counsel resulting in rejection of a plea offer or

16  failure to inform defendant of a plea offer constitute ineffective assistance). Rather,

17  Petitioner asserts that he could not have known that his trial counsel's advice was

18  deficient until the Washington Court of Appeals characterized the rejected plea

19  agreement as "obviously flawed" in its decision rejecting Petitioner's Personal

20  Restraint Petition. *See* ECF Nos. 33 at 12; 38-1 at 147.

21

ORDER RESOLVING PETITIONER'S MOTIONS AND PETITION FOR
HABEAS CORPUS ~ 19

1    There is no basis to find that Petitioner's trial counsel interfered with

2    Petitioner's ultimate authority over the decision of whether to plead guilty.

3    Petitioner also has not shown that a trial counsel's advising Petitioner that he may

4    successfully appeal the trial court's rejection of the plea agreement constitutes

5    deficient performance, which the Court notes also was raised as a ground for appeal

6    by post-conviction counsel.

7    Finding no deficient performance or prejudice, the Court does not find any

8    basis to conclude that there was constitutional error.  Correspondingly, even

9    accepting Petitioner's allegations and assuming that the record could be amended to

10    substantiate them, Petitioner has not shown that but for constitutional error, he

11    would have been found not guilty of the underlying offense.  *See* 28 U.S.C.

12    §2254(e)(2).

13    Finding that expansion of the record and an evidentiary hearing are not

14    supported, the Court does not reach Respondent's alternative argument regarding

15    waiting for forthcoming Supreme Court precedent that may "guide this Court's

16    decision whether Lazcano may rely on evidence outside the state-court record

17    regarding his fifth ground for habeas relief."  *See* ECF No. 63 at 2 (citing *Shinn v.*

18    *Ramirez*, 209 L. Ed. 2d 748 (cert. granted May 17, 2021)).

19    The record is sufficiently developed, and the Court does not find that an

20    evidentiary hearing is necessary to resolve Petitioner's habeas petition.  *See Rhoades*

21    *v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011).  Therefore, Petitioner's Motion for

ORDER RESOLVING PETITIONER'S MOTIONS AND PETITION FOR
HABEAS CORPUS ~ 20

Discovery, ECF No. 43, Motions to Expand the Record, ECF Nos. 46 and 49, and Motion for Evidentiary Hearing, ECF No. 62, are denied.  Moreover, the Court finds that Petitioner's claims do not qualify for habeas relief.

Accordingly, **IT IS HEREBY ORDERED**:

1.     Petitioner's Motion for Discovery, **ECF No. 43**, is **DENIED**.

2.     Petitioner's Motion for Expansion of Record, **ECF No. 46**, is **DENIED**.

3.     Petitioner's Motion to Appoint Counsel, **ECF No. 48**, is **DENIED**.

4.     Petitioner's Motion for Extension of Time for Filing Response Brief, **ECF No. 51**, is **DENIED AS MOOT**.

5.     Petitioner's Motion for Expansion of Record, **ECF No. 59**, is **DENIED**.

6.     Petitioner's Motion for Evidentiary Hearing, **ECF No. 62**, is **DENIED**.

7.     The Court **dismisses** Petitioner's Second Amended Habeas Petition, **ECF No. 33**, **with prejudice**.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

ORDER RESOLVING PETITIONER'S MOTIONS AND PETITION FOR HABEAS CORPUS ~ 21

8.    Since Petitioner has failed to make a showing with regard to any of his claims, this Court declines to issue a Certificate of Appealability or grant leave to proceed *in forma pauperis* on appeal.  *See* 28 U.S.C. § 2553(c)(2) (providing that a court may only issue a Certificate of Appealability "if the applicant has made a substantial showing of the denial of a constitutional right").

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order, provide copies to counsel and to Petitioner, and **close the file** in this case.

**DATED** January 3, 2022.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER RESOLVING PETITIONER'S MOTIONS AND PETITION FOR HABEAS CORPUS ~ 22